| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>AARON ANTHONY WILLIAMS<br>RENAE GREENE WILLIAMS<br>637 LARAMIE DRIVE<br>Springfield, TN 37172 | **DEFENDANTS**<br>Statebridge Company, LLC<br>6061 South Willow Drive, Ste. 300<br>Greenwood Village, CO 80111<br><br>Bryn Mawr Trust Company f/k/a Christiana Trust<br>501 Carr Road, Ste. 100<br>Wilmington, DE 19809<br><br>Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Trustee for PNPMS Trust III<br>100 Quentin Roosevelt Blvd., Ste. 204<br>Garden City, NY 11530 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Steven R. Wilmoth 025759<br>The Wilmoth Law Firm, PLLC<br>409 North Locust Street<br>Springfield, TN 37172<br>(615) 384-7750 Fax: (615) 384-4871 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor    [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**Complaint to void Defendant's lien pursuant to 11 U.S.C. § 506(d)**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

B1040 (FORM 1040) (12/15)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR<br>AARON ANTHONY WILLIAMS<br>RENAE GREENE WILLIAMS || BANKRUPTCY CASE NO.<br>3:19-bk-00377 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>3 | NAME OF JUDGE<br>Mashburn |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Steven R. Wilmoth

Steven R. Wilmoth 025759

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| October 17, 2023 | Steven R. Wilmoth 025759 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATED BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In Re:<br>Aaron Anthony Williams and<br>Renae Greene Williams<br>637 Laramie Drive<br>Springfield, TN 37172<br><br>    Debtors and Plaintiffs.<br><br>v.<br><br>Statebridge Company, LLC<br><br>    Defendant.<br><br>Bryn Mawr Trust Company f/k/a<br>Christiana Trust<br><br>    Defendant.<br><br>Wilmington Savings Fund Society, FSB,<br>D/B/A Christiana Trust as Trustee for<br>PNPMS Trust III<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | BK Case No. 3:19-bk-00377<br><br>Chapter 13<br>Adversary Case #: 23-ap-90___<br><br>Judge: Randal S. Mashburn |

## COMPLAINT TO VOID THE LIEN OF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST III

COMES NOW the Debtors/Plaintiffs (hereinafter the "Debtors"), by and through counsel, pursuant to Fed.R.Bankr.P. § 7001(2) and for cause of action against the Defendant, Wilmington Savings Fund, FSB, D/B/A Christiana Trust as Trustee for PNPMS Trust III (hereinafter the "Defendant"), would state and show the following:

### JURISDICTION AND VENUE

1) Jurisdiction over this cause is proper pursuant to 28 U.S.C. §§ 151 and 157.
2) Venue over this cause is conferred by 28 U.S.C. §§1408 and 1409.
3) This is a core proceeding and is a Complaint to Void the Lien of the Defendant, Wilmington Savings Fund, FSB, D/B/A Christiana Trust as Trustee for PNPMS Trust III.

## FACTS AND CAUSE OF ACTION

4) The Debtors filed a Chapter 13 bankruptcy proceeding, case number 19-00377, on January 22, 2019. A Chapter 13 Plan was subsequently confirmed on March 6, 2019.
5) Specialized Loan Servicing, the servicer of the deed of trust at the time of the filing, was listed on the original bankruptcy petition on Schedule D as a creditor holding a second mortgage claim secured by a deed of trust on the subject property located at 637 Laramie Drive, Springfield, TN 37172, Robertson County.
6) The confirmed plan proposed to pay the holder of the note and deed of trust, being serviced by Specialized Loan Servicing at the time, in full through the plan pursuant to 11 U.S.C. § 506, with a value of $111,600 which would pay the estimated claim of $5,321.00 in full at 5.50% interest per year, and a regular monthly payment of $103.15.
7) On March 26, 2019 the previous holder of the deed of trust, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust, through the servicer of the deed of trust, Specialized Loan Services, filed a secured claim in the amount of $5,284.97.
8) Specialized Loan Services failed to attach a promissory note to the proof of claim. The claim also attached a deed of trust that referred to CitiFinancial Inc., the originator of the deed of trust, and the assignment of that deed of trust to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust c/o Specialized Loan Servicing. The deed of trust was filed on August 2, 2006, and the first assignment was filed on January 3, 2017. Neither party provided evidence of a promissory note executed by the Debtors.
9) On June 10, 2019, the Chapter 13 Trustee filed a motion and notice to disallow the claim filed by Specialized Loan Services on behalf of the then holder of the deed of trust due to the failure to attach documentation to prove that the holder of the deed of trust was the proper entity to enforce the claim. The Trustee requested that the claim be disallowed pursuant to 11 U.S.C. § 502(b)(1).
10) The holder of the deed of trust at the time, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust, through the servicer of the deed of trust, Specialized

Loan Services, filed a timely response to the Trustee's Motion to Disallow the claim and stated that the claim would be amended to attach the documentation required by the Trustee.

11) The hearing on the Trustee's motion was originally scheduled to be heard on August 7, 2019. The hearing was then subsequently continued to September 4, 2019 and then to October 2, 2019 and then to October 23, 2019 and one last time to October 28, 2019. After over four (4) months of searching for the required documentation, the attorney for Specialized Loan Services stated that they could no longer defend the Trustee's Motion to Disallow the Claim as they had been unsuccessful in locating the promissory note.

12) On November 5, 2019, the Honorable Judge Randall S. Mashburn signed an order granting the Trustee's Motion to Disallow the Claim of Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust, through the servicer of the deed of trust, Specialized Loan Services.

13) Subsequent to the entry of the order disallowing the claim Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust c/o Specialized Loan Servicing, who was the holder of the deed of trust at the time of the filing of the case, assigned the deed of trust to the Defendant. This assignment was filed in the register of deeds office for Robertson County, Tennessee on April 5, 2021.

14) Based on the search of the property records performed by counsel for the Debtors on September 6, 2023, the Defendant remains the holder of the deed of trust. The deed of trust, as well as the two assignments, are attached to this adversary proceeding.

15) Servicing rights of the deed of trust transferred from Specialized Loan Servicing, LLC to Statebridge Company LLC ("Statebridge") per a letter received by Debtors dated November 27, 2020. This letter is attached to this adversary proceeding.

16) While a notice of transfer of claim from Specialized Loan Servicing, LLC to Statebridge was never filed, a notice of appearance and request for service of all notices was filed on behalf of Statebridge by Natalie Brown Esq., attorney with the law firm of Rubin Lublin TN, PLLC on March 25, 2022. This notice gave no indication that Statebridge was now the servicer of the deed of trust. This notice of appearance is also attached to this

Case 3:23-ap-90104  Doc 1  Filed 10/17/23  Entered 10/17/23 15:17:02  Desc Main
Document      Page 6 of 8

adversary proceeding and is located in the main bankruptcy case at court docket entry number 74.

17) The notice of appearance filed by Ms. Brown has never been withdrawn and there are no indications that the servicing rights of the deed of trust have transferred since the original transfer of servicing rights from Specialized Loan Servicing, LLC to Statebridge.

18) In April 2022 the Christiana Trust Company merged with Bryn Mawr Trust Company and operates under the Bryn Mawr brand. In 2022 the Bryn Mawr Trust Company was acquired by Wilmington Savings Fund Society.

### **DEFENDANT'S LIEN IS VOID PURSUANT TO 11 U.S.C. § 506(d)**

19) Pursuant to 11 U.S.C. § 506(d), to the extent that a lien secures a claim against the Debtors that is not an allowed secured claim, such lien is void, unless such claim was disallowed only under 11 U.S.C. § 502(b)(5) or § 502(e) of this title; or such claim is not an allowed secured claim due only to the failure of any entity to file a proof of claim under § 501 of this title.

20) None of the Defendants named in this adversary proceeding have provided proof of an allowed secured claim against the Debtors.

21) The claim that was filed was disallowed under 11 U.S.C. § 502(b)(1) and as such, pursuant to 11 U.S.C. § 506(d), the lien currently held by the Defendant and previously held by Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust c/o Specialized Loan Servicing, should be declared void and the lien released.

22) None of the named defendants have filed a motion under Fed.R.Bankr.P. § 3008 to reconsider the disallowance of the claim and, as such, should be estopped at this time from doing so.

### **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED** the Debtors demand as follows:

23) That the Debtors be granted permission to file this Complaint, and that proper process issue and Defendants be required to file an Answer within the time allowed under applicable law.

24) That the lien of the Defendant, Wilmington Savings Fund, FSB, D/B/A Christiana Trust as Trustee for PNPMS Trust III, secured by a deed of trust on property located at 637 Laramie Drive, Springfield, TN 37172, Robertson County, shall be declared void pursuant to 11 U.S.C. § 506(d) and the lien shall be released.
25) The Debtors further pray for other general relief as deemed just by the Court.

Respectfully submitted,

/s/ Steven R. Wilmoth
Steven R. Wilmoth, 025759
Attorney for Debtors
409 North Locust Street
Springfield, TN 37172
(p) 615-384-7750
(f) 615-384-4871
steven@wilmoth.law